```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                            Case No. 20-01498-RNO
Emily Redford                                                     Chapter 13
          Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-5         User: AutoDocke              Page 1 of 1           Date Rcvd: Jul 01, 2020
                             Form ID: pdf002              Total Noticed: 14
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 03, 2020.
```
db              +Emily Redford,    113 Dean Ct.,    Saylorsburg, PA 18353-8144
5326976         +Bank of America,    4909 Savarese Circle,    Fl1-908-01-50,    Tampa, FL 33634-2413
5326978         +Citibank,    Citicorp Credit Srvs/Centralized Bk dept,    Po Box 790034,
                  St Louis, MO 63179-0034
5331274         +JPMorgan Chase Bank, N.A.,    s/b/m/t Chase Bank USA, N.A.,
                  c/o National Bankruptcy Services, LLC,    P.O. Box 9013,    Addison, Texas 75001-9013
5326980         +James B Nutter & Co,    Attn: Bankruptcy,    4153 Broadway St,    Kansas City, MO 64111-2694
5330835         +James B. Nutter & Company,    c/o Powers Kirn, LLC,    8 Neshaminy Interplex, Suite 215,
                  Trevose, PA 19053-6980
5338264         +James B. Nutter & Company,    4153 Broadway,    Kansas City, MO 64111-2694
5326981         +Joshua McNamara, Esq,    Hayt Hayt & Landau, LLC,    123 S. Broad Street,
                  Philadelphia, PA 19109-1029
5326983         +New Hampshire Higher Ed/Granite State Ma,    Attn: Bankruptcy,    Po Box 2097,
                  Concord, NH 03302-2097
5326985         +Nissan Motor Acceptance,    Attn: Bankruptcy,    Po Box 660366,    Dallas, TX 75266-0366
5336738         +Nissan Motor Acceptance Corporation,    PO Box 9013,    Addison, Texas 75001-9013
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5326979          E-mail/Text: mrdiscen@discover.com Jul 01 2020 19:51:16      Discover Financial,
                  Attn: Bankruptcy Department,    Po Box 15316,    Wilmington, DE 19850
5328084          E-mail/Text: mrdiscen@discover.com Jul 01 2020 19:51:16      Discover Bank,
                  Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
5326977          E-mail/PDF: ais.chase.ebn@americaninfosource.com Jul 01 2020 20:01:01      Chase Card Services,
                  Attn: Bankruptcy,    Po Box 15298,    Wilmington, DE 19850
                                                                                              TOTAL: 3

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5326984          Nicholas Redford
5332717*        +JPMorgan Chase Bank, N.A.,    s/b/m/t Chase Bank USA, N.A.,
                  c/o National Bankruptcy Services, LLC,    P.O. Box 9013,    Addison, Texas 75001-9013
5326982        ##+Michael J. Dougherty, Esq.,    Weltman Weinberg & Reis, Co.,    325 Chestnut St., Suite 501,
                  Philadelphia, PA 19106-2605
                                                                                 TOTALS: 1, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 03, 2020                          Signature:   /s/Joseph Speetjens

___

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 1, 2020 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    Nissan Motor Acceptance Corporation
               bkgroup@kmllawgroup.com
              Jill Manuel-Coughlin    on behalf of Creditor    JAMES B. NUTTER & COMPANY
               bankruptcy@powerskirn.com
              Scott M. Amori    on behalf of Debtor 1 Emily  Redford afr@epix.net,
               smamori@amoriandassociates.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 5
```

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Emily Redford**

CHAPTER 13
CASE NO. **5:20-bk-01498**

☒ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☒ Number of Motions to Avoid Liens
☒ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| # | Description | Included | Not Included |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ | ☒ |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ | ☐ |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☒ | ☐ |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $___ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**20,100.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1 | 60 | 335.00 | 0.00 | 335.00 | 20,100.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $20,100.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ■ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B.**    **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $**16,222.20**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

■ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2.**    **SECURED CLAIMS.**

    **A.**    **Pre-Confirmation Distributions.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    **B.**    **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

■ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| James B Nutter & Co | **613 Country Acres Court Effort, PA 18330 Monroe County**<br>**Debtor owns home but uses it as a rental property.** | **0910** |

    **C.**    **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*
■ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

    **D.**    **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
■ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

    **E.**    **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

■ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid

Rev. 12/01/19

in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Nissan Motor Acceptance | Automobile | $15,660.00 | 0% | $15,660.00 | Plan |

    **F.**    **Surrender of Collateral.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    **G.**    **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☐ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

■ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | Bank of America |
|---|---|
| Lien Description<br>For judicial lien, include court and docket number | Opened 07/00  Last Active  7/31/18 |
| Description of the liened property | Credit Card |
| Liened Asset Value | $0.00 |
| Sum of Senior Liens | $0.00 |
| Exemption Claimed | $0.00 |
| Amount of Lien | $25,781.00 |
| Amount Avoided | $25,781.00 |

**3.**    **PRIORITY CLAIMS.**

    **A.**    **Administrative Claims**

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. <u>Attorney's fees.</u> Complete only one of the following options:

        a.    In addition to the retainer of $ **1,597.00** already paid by the Debtor, the amount of $ **2,403.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
        *Check one of the following two lines.*

3

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 5:20-bk-01498-RNO    Doc 20    Filed 07/03/20    Entered 07/04/20 00:38:02    Desc
Imaged Certificate of Notice    Page 4 of 6

■ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    **B.** **Priority Claims (including, certain Domestic Support Obligations)**

■ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    **C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.**     **UNSECURED CLAIMS**

    **A.** **Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    **B.** **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.**     **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.**     **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

☐   plan confirmation.
☐   entry of discharge.
☐   closing of case.

**7.**     **DISCHARGE: (Check one)**

■ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.**     **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9.  NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:  **May 11, 2020**                           /s/ Scott M. Amori
                                                    **Scott M. Amori 77038**
                                                    Attorney for Debtor

                                                    /s/ Emily Redford
                                                    **Emily Redford**
                                                    Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.